UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LISA YOST SHEELER,

    Plaintiff,

VERSUS

ACCESS RESOURCE SERVICES, INC.,
CENTRAL TALK MANAGEMENT, INC.,
PSYCHIC READERS NETWORK, INC.,
OSHUN 5 COMMUNICATIONS, INC.,
STEVEN L. FEDER, PERSONALLY AND INDIVIDUALLY,
PETER STOLZ, PERSONALLY AND INDIVIDUALLY,
SCOTT ROUTSON, PERSONALLY AND INDIVIDUALLY, AND
DARICE LANG, PERSONALLY AND INDIVIDUALLY,

    Defendants.

CIVIL ACTION NO.

**02-61531
CIV-MARRA
MAGISTRATE JUDGE
SELTZER**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT WITH REQUEST FOR JURY TRIAL

The COMPLAINT WITH REQUEST FOR JURY TRIAL of Lisa Yost Sheeler (hereinafter "Plaintiff" or "Ms. Sheeler"), against ACCESS RESOURCE SERVICES, INC., CENTRAL TALK MANAGEMENT, INC., PSYCHIC READERS NETWORK, INC., OSHUN 5 COMMUNICATIONS, INC., STEVEN L. FEDER, PERSONALLY AND INDIVIDUALLY, PETER STOLZ, PERSONALLY AND INDIVIDUALLY, SCOTT ROUTSON, PERSONALLY AND INDIVIDUALLY, AND DARICE LANG, PERSONALLY AND INDIVIDUALLY, avers:

### Statutes, Jurisdiction, and Venue

1.    Plaintiff brings this action under the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. § 2601 *et seq.* This Honorable Court has jurisdiction over this

Page 1 of 9



matter pursuant to 28 U.S.C. § 1331 because this matter arises under the laws of the United States of America, as well as pursuant to 29 U.S.C. § 2617. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367. Venue is proper in the Fort Lauderdale Division of the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the acts which form the basis of the claims described herein arose within Fort Lauderdale and, more generally, within the Southern District of Florida.

## Party Plaintiff

2. Made plaintiff herein is Lisa Yost Sheeler, a person of full age of majority, domiciled and residing in Broward County, Florida.

3. At all relevant times, Plaintiff was a full-time employee of all Defendants, specifically from 1996 through August 13, 2001.

4. Plaintiff was an "eligible employee" within the meaning of 29 U.S.C. § 2611(2)(A) and was entitled to unpaid FMLA leave due to the occurrence of a serious health condition.

## Parties Defendant

5. Made defendant herein is Access Resource Services, Inc., a Delaware corporation authorized to do and doing business in Broward County, Florida.

6. Access Resource Services, Inc. was and is an enterprise engaged in commerce pursuant to the FMLA. At all relevant times, Access Resource Services, Inc. maintained its headquarters in Fort Lauderdale, Florida. At all relevant times, Access Resource Services, Inc. engaged in commerce and met the definition of "employer" contained in 29 U.S.C. § 2611(4)(A)(i).

7. Made additional defendant herein is Central Talk Management, Inc., a Florida corporation authorized to do and doing business in Broward County, Florida.

8. Central Talk Management, Inc. was and is an enterprise engaged in commerce pursuant to the FMLA. At all relevant times, Central Talk Management, Inc. engaged in commerce and met the definition of "employer" contained in 29 U.S.C. § 2611(4)(A)(i).

9. Made additional defendant herein is PSYCHIC READERS NETWORK, INC., a Florida corporation authorized to do and doing business in Broward County, Florida.

10. PSYCHIC READERS NETWORK, INC. was and is an enterprise engaged in commerce pursuant to the FMLA. At all relevant times, Access Resource Services, Inc. maintained its headquarters in Fort Lauderdale, Florida. At all relevant times, PSYCHIC READERS NETWORK, INC. engaged in commerce and met the definition of "employer" contained in 29 U.S.C. § 2611(4)(A)(i).

11. Made additional defendant herein is OSHUN 5 COMMUNICATIONS, INC., a Florida corporation authorized to do and doing business in Broward County, Florida.

12. OSHUN 5 COMMUNICATIONS, INC. was and is an enterprise engaged in commerce pursuant to the FMLA. At all relevant times, Access Resource Services, Inc. maintained its headquarters in Fort Lauderdale, Florida. At all relevant times, OSHUN 5 COMMUNICATIONS, INC. engaged in commerce and met the definition of "employer" contained in 29 U.S.C. § 2611(4)(A)(i).

13. Made additional defendant herein, personally and individually, is Mr. Steven L. Feder, a person of the full age of majority, domiciled and residing in Broward County, Florida.

14. At all times relevant to this action, Mr. Feder was a director of Access Resource Services,

Inc., OSHUN 5 COMMUNICATIONS, INC., the President of and a director of Central Talk Management, Inc., and the President, Secretary, Treasurer, and a director of Psychic Readers Network, Inc., and he acted directly or indirectly in the interest of Access Resource Services, Inc., Central Talk Management, Inc., OSHUN 5 COMMUNICATIONS, INC., and Psychic Readers Network, Inc., in relation to Plaintiff. At all relevant times, he acted alone or in conjunction with the other defendants, formulated, directed, controlled, or participated in the acts and practices alleged in this complaint, and was one of Plaintiff's supervisors.

15. Made additional defendant herein, personally and individually, is Mr. Peter Stolz, a person of the full age of majority, domiciled and residing in Broward County, Florida.

16. At all times relevant to this action, Mr. Stolz was the President, Secretary, Treasurer, and a director of Access Resource Services, Inc., and a director of Psychic Readers Network, Inc., CENTRAL TALK MANAGEMENT, INC., and OSHUN 5 COMMUNICATIONS, INC., and he acted directly or indirectly in the interest of OSHUN 5 COMMUNICATIONS, INC., CENTRAL TALK MANAGEMENT, INC., Access Resource Services, Inc. and Psychic Readers Network, Inc., in relation to Plaintiff. At all relevant times, he acted alone or in conjunction with the other defendants, formulated, directed, controlled, or participated in the acts and practices alleged in this complaint, and was one of Plaintiff's supervisors.

17. Made additional defendant herein, personally and individually, is Mr. Scott Routson, a person of the full age of majority, domiciled and residing in Broward County, Florida.

18. At all times relevant to this action, Mr. Routson was the Director of Media and

Operations for Access Resource Services, Inc. and Psychic Readers Network, Inc., and he acted directly or indirectly in the interest of OSHUN 5 COMMUNICATIONS, INC., CENTRAL TALK MANAGEMENT, INC., Access Resource Services, Inc. and Psychic Readers Network, Inc., in relation to Plaintiff. At all relevant times, he acted alone or in conjunction with the other defendants, formulated, directed, controlled, or participated in the acts and practices alleged in this complaint, and was one of Plaintiff's supervisors.

19. Made additional defendant herein, personally and individually, is Ms. Darice Lang, a person of the full age of majority, domiciled and residing in Broward County, Florida.

20. At all times relevant to this action, Ms. Lang was the Director of Productions for Access Resource Services, Inc. and Psychic Readers Network, Inc., and she acted directly or indirectly in the interest of OSHUN 5 COMMUNICATIONS, INC., CENTRAL TALK MANAGEMENT, INC., Access Resource Services, Inc. and Psychic Readers Network, Inc., in relation to Plaintiff. At all relevant times, she acted alone or in conjunction with the other defendants, formulated, directed, controlled, or participated in the acts and practices alleged in this complaint, and was one of Plaintiff's supervisors.

21. The individually named defendants, individually and severally, meet the definition of "employer" contained in 29 U.S.C. § 2611(4)(A)(ii)(I), in that they were persons acting directly in the interests of the corporate defendants' employees.

### Facts

22. Plaintiff worked for the defendant corporations for five and a half (5 ½) years prior t her termination and was under the direct supervision and control of the individual defendants who set pay and other working conditions.

23. On or about August 8, 2001, and for the next two (2) business days, Plaintiff missed work due to a serious health condition.

24. On or about August 8, 2001, Plaintiff notified Defendants that she was under a doctor's care by faxing to them a copy of her physician's note. The physician's note requested that she be excused from work for treatment of the condition.

25. Plaintiff had also obtained a physician's note that detailed the nature of her condition.

26. At no time, did any of the Defendants call Plaintiff to obtain more information about the nature of her condition or ask her to provide more information or fill out forms.

27. At the time she missed work, Plaintiff had earned sufficient, and was entitled to take, accrued sick leave.

28. Upon her return to work on August 13, 2001, Plaintiff delivered the original of her doctor's note to Defendant Routson. She then was called into Defendant Lang's office and, with Defendant Routson present, was terminated from employment.

29. At the time of her termination, Plaintiff was performing her job satisfactorily, and was under the care and treatment of several physicians: Gerald Hoffman, D.O. (Board Certified in Internal Medicine), Paul Singh, M.D. (Board Certified in Internal Medicine and Gastroenterology), and Laurie Gannon, L.C.S.W., D.C.S.W.

30. Although it is not legally required for a FMLA action, there was a direct connection between Plaintiff's medical leave and her employment environment: Plaintiff needed leave from work because she was suffering from severe depression and anxiety attacks because of demanding work pressures and the unlawful and deceptive acts of the corporate defendants, as well as Feder and Stolz. Medical records demonstrate the

diagnoses of severe depression and anxiety attacks.

31. Plaintiff was subjected to demanding work pressures because of Defendants' aggressive calendar for filming and distributing commercials and related information to the public that was frequently false, misleading, deceptive, and/or unlawful.

32. A work environment existed in which an ethical and law-abiding person was placed in compromising positions and under great mental distress – especially towards the last weeks and days of Plaintiff's employment.

## COUNT I of III:
### Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, by Plaintiff against All Defendants

33. The allegations contained in paragraphs 1-32 are reasserted and incorporated by reference herein.

34. Plaintiff was entitled to take FMLA leave because she had worked more than 1250 hours within the prior year and she suffered a serious medical condition.

35. Plaintiff performed all conditions precedent to taking FMLA leave in that she notified her employer at the earliest possible time of her medical emergency and provided medical information to Defendants to document her serious illness.

36. Upon Plaintiff's return to work she was terminated.

37. Defendants' actions in failing to return Plaintiff to the same or similar position and terminating her employment were causally related to Plaintiff's exercise of protected rights under the FMLA.

38. As a direct and proximate result of the violation of Plaintiff's rights under FMLA she has suffered a loss of pay and benefits. Plaintiff seeks to recover lost wages, front pay, back

pay, liquidated damages, mental distress damages, general damages, punitive damages, costs, attorneys' fees, and prejudgment and postjudgment interest.

### COUNT II of III:
### Negligent Infliction of Emotional Distress,
### under Florida Law,
### by Plaintiff against All Defendants

39. The allegations contained in paragraphs 1-32 are reasserted and incorporated by reference herein.

40. At all relevant times herein, Defendants had a legal duty not to inflict emotional distress on Plaintiff.

41. However, Defendants, through their actions and inactions, and those of their agents and employees, breached that duty.

42. As a direct and proximate result, Plaintiff has suffered severe emotional distress.

43. Plaintiff seeks to recover lost wages, front pay, back pay, liquidated damages, mental distress damages, general damages, punitive damages, costs, attorneys' fees, and prejudgment and postjudgment interest.

### COUNT III of III:
### Intentional Infliction of Emotional Distress,
### under Florida Law,
### by Plaintiff against All Defendants

44. The allegations contained in paragraphs 1-32 are reasserted and incorporated by reference herein.

45. At all relevant times herein, Defendants had a legal duty not to inflict emotional distress on Plaintiff.

46. However, Defendants, through their actions and inactions, and those of their agents and

employees, intentionally, wilfully, and recklessly inflicted emotional distress on Plaintiff.

47.   As a direct and proximate result, Plaintiff has suffered severe emotional distress.

48.   Plaintiff seeks to recover lost wages, front pay, back pay, liquidated damages, mental distress damages, general damages, punitive damages, costs, attorneys' fees, and prejudgment and postjudgment interest.

(SG) 49. PLAINTIFF REQUESTS A JURY TRIAL FOR ALL ISSUES SO TRIABLE.

### Prayer

WHEREFORE, Lisa Yost Sheeler, prays that after due proceedings, there be judgment rendered herein in her favor and against Access Resource Services, Inc., Central Talk Management, Inc., Oshun 5 Communications, Inc., and Psychic Readers Network, Inc., and against Steven L. Feder, Peter Stolz, Scott Routson, and Darice Lang, personally and individually, and against all Defendants jointly and severally, for all damages to which she may be entitled to in the premises, including, but not limited to, lost wages, front pay, back pay, liquidated damages, mental distress damages, general damages, punitive damages, costs, attorneys' fees, and prejudgment and postjudgment interest.

Respectfully submitted:

_____
STEVEN F. GROVER (Fla. Bar No. 131296)
LAW OFFICE OF STEVEN F. GROVER
ONE E. BROWARD BLVD.
SUITE 700
FT. LAUDERDALE, FL 33301
TEL. (954) 356-0005
FAX (954) 356-0010
*PLAINTIFF'S COUNSEL*

Sheeler.Complaint

# CIVIL COVER SHEET

02-61531 CIV-MARRA

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lisa Yost Sheeler

### DEFENDANTS
Access Resources Services, Inc., et al

**MAGISTRATE JUDGE SELTZER**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):
Steven F. Grover, PA (954) 356-0005
One E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33301

ATTORNEYS (IF KNOWN):
Broward 0:02CV61531 KAM/BSS

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**A CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- B☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**A REAL PROPERTY**
- ☐ 210 Land Condemnation
- B☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**A TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**A CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury Med Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- B☐ 510 Motions to Vacate Sentence
- **HABEAS CORPUS:**
- B☐ 530 General
- A☐ 535 Death Penalty
- B☐ 540 Mandamus & Other
- B☐ 550 Civil Rights
- B☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- B☐ 610 Agriculture
- B☐ 620 Other Food & Drug
- B☐ 625 Drug Related Seizure of Property 21 USC 881
- B☐ 630 Liquor Laws
- B☐ 640 R.R. & Truck
- B☐ 650 Airline Regs
- B☐ 660 Occupational Safety/Health
- B☐ 690 Other

**A LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Mgmt. Relations
- ☐ 730 Labor Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- A☐ 791 Empl. Ret. Inc. Security Act

**A BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**A PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**B SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- A☐ 870 Taxes (U.S. Plaintiff or Defendant)
- A☐ 871 IRS – Third Party 26 USC 7609

**A OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions
- A OR B

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Family & Medical Leave Act, 29 USC 2601 et seq.

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 10/28/02
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 526534 AMOUNT 150 APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___
OCT 28 2002